IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-00658-RLV
(3:99-CR-00127-RLV-1)

| | |
|---|---|
| ROBERT FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of the petition to vacate Petitioner's 2000 conviction in this District for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Government opposes relief. For the reasons that follow, the Court finds that Petitioner's 2000 conviction should be vacated.

I.     BACKGROUND

On September 13, 1999, Petitioner was indicted in this district on two counts of the possession of a firearm by a convicted felon. Count One alleged that Petitioner possessed a firearm on or about May 3, 1999, and Count Two alleged that Petitioner was found in possession of a firearm on or about June 29, 1999. (3:99-CR-00127, Doc. No. 1: Indictment). On October 4, 1999, Petitioner entered into a written plea agreement and therein agreed to plead guilty to Count One in exchange for the Government's agreement to dismiss Count Two. (Id., Doc. No. 7). Petitioner's guilty plea was accepted during his Plea and Rule 11 hearing by U.S. Magistrate Judge H.B. McKnight after the court found that it was both knowing and voluntary. (Id., Doc. No. 8: Entry and Acceptance of Guilty Plea). On April 7, 2000, Petitioner appeared for his

1

sentencing hearing and Count Two was dismissed and Petitioner was sentenced to a term of 30-months' imprisonment on Count One and a two-year term of supervised release. Petitioner did not appeal or seek post-conviction relief from his § 922(g) conviction until he filed the present civil action. (Id., Doc. No. 19: Judgment).[1]

On February 21, 2012, Petitioner was charged by the grand jury in this District with one count of being a felon-in-possession of a firearm under § 922(g) (Count One); one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). (3:12-CR-00065, Doc. No. 1: Indictment). On August 7, 2012, Petitioner entered into a plea agreement with the Government in which Petitioner agreed to plead guilty to Counts One and Two of his indictment in exchange for the Government's agreement to dismiss Count Three. (Id., Doc. No. 28: Plea Agreement). Petitioner's guilty plea was accepted and he was sentenced on November 27, 2013, by the Honorable Max. O. Cogburn to concurrent terms of 24-months' imprisonment on Counts One and Two and Count Three was dismissed. (Id., Doc. No. 48: Judgment). Petitioner did not appeal.[2]

II. DISCUSSION

In an effort to vacate his 2000 Section 922(g) conviction, Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, and alternative claims for relief under 28 U.S.C. § 2241,

---

[1] According to Petitioner's presentence report (PSR) which is filed in Case No. 3:12-CR-00065-MOC, Petitioner was released from the Federal Bureau of Prisons on May 8, 2002, and began his two-year term of supervised release. See (3:12-CR-00065, Doc. No. 45: PSR ¶ 41).

[2] According to a document filed by U.S. Marshal Kelly M. Nesbitt in Petitioner's criminal case, Petitioner has been released pursuant to a Bureau of Prisons computation. (Id., Doc. No. 53).

2

and through petitions for a writ of *audita querela* and *coram nobis*. (3:12-cv-00658, Doc. Nos. 1, 8). The Government has responded and opposes any relief in this matter and moves to dismiss this action as untimely. (Id. at 5).[3]

According to Petitioner's presentence investigation report ("PSR") which was filed in his 1999 criminal case, Petitioner had state felony convictions in North Carolina for two counts of possession of a stolen automobile, and one count of possession of cocaine. Petitioner was sentenced to 8 to 10 months on one of the felony possession of a stolen automobile convictions and a term of 10 to 12 months on the second conviction. Petitioner was sentenced to a term of 6 to 8 months' imprisonment on the felony possession of cocaine conviction. (3:99-CR-00127, Doc. No. 24: PSR ¶¶ 31-33).

Based on the controlling Circuit precedent in existence at the time of Petitioner's 2000 Section 922(g) conviction, his prior North Carolina offenses were considered felonies under federal law because the convictions themselves, notwithstanding Petitioner's unique criminal record, subjected a defendant with a particular criminal record to in excess of one year in prison. See United States v. Jones, 195 F.3d 205, 206-07 (4th Cir. 1999). However, Jones is no longer controlling law.

In the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Court held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243-

---

[3] In Petitioner's response to the Government's motion to dismiss, Petitioner concedes that relief is not available under § 2241 or § 2255 because he is no longer in custody on the 2000 conviction. (3:12-cv-00658, Doc. No. 8 at 2). See United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).

3

45 (emphasis added). In reaching this conclusion, the Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005) – which applied the holding in Jones – to conclude that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law], we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Simmons, 649 F.3d at 241 (quoting Harp, 406 F.3d at 246).

In Miller v. United States, 735 F.3d 141 (4th Cir. 2013), the Court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison" and the Court ruled that the new rule applied retroactively to cases on collateral review. Id. at 146-47.

Returning to the present case, the Government moved to dismiss the instant petition in its entirety. In particular, the Government argued that *coram nobis* relief was not available because Petitioner was in custody and that this action was untimely. (3:12-cv-00658, Doc. No. 5 at 5-6). While it is true that Petitioner was in custody at the time he filed the present action as he was awaiting sentencing on the charges in Case No. 3:12-CR-00065, and he was plainly not in custody on the 2000 conviction which he is presently challenging.

Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody following their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error *coram nobis* 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer 'in custody' for

4

purposes of 28 U.S.C. § 2255.'") (internal citations omitted), abrogated on other grounds by, Chaidez v. United States, 133 S. Ct. 1103 (2013). "A writ of *coram nobis* is an 'extraordinary' remedy that may be used to correct 'errors of the most fundamental character' that rendered the underlying proceeding invalid when no other alternative remedy is available." Akinsade, 686 F.3d at 260. "A petitioner seeking this relief must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. at 252 (internal citation and quotations omitted). The Court finds that Petitioner has satisfied each of these requirements.

First, as noted, Petitioner cannot obtain relief under § 2241 or § 2255 because he is no longer in custody on the 2000 conviction. In fact, according the record before the Court, Petitioner was released from the Bureau of Prisons on May 8, 2002, to begin serving his two-year term of supervised release and this term expired long before the Fourth Circuit issued its *en banc* Simmons opinion.

Second, on May 22, 2012, this District appointed the Federal Defenders of the Western District of North Carolina to examine cases where a defendant may be entitled to sentencing relief based on the Fourth Circuit's *en banc* Simmons opinion. See (Civil Case No. 3:12-mc-92). Petitioner filed his claim for relief less than five months after this order of appointment and this is despite what no one would dispute were extremely heavy caseloads for the Federal Defenders in the wake of the appointment. Moreover, the Miller decision, which held that Simmons was retroactive on collateral review, was not decided until August 21, 2013.

Third, Petitioner was assessed three criminal history points for his 2000 conviction thus

5

Petitioner could face continuing consequences based on his prior conviction because it plainly affects his criminal history. (3:12-CR-00065, Doc. No. 45: PSR ¶ 41). Finally, Circuit precedent now clearly establishes that under North Carolina's Structured Sentencing Act, a defendant's prior record level determines whether *that* defendant was subject to a sentence in excess of one year, and not the prior record of a hypothetical defendant in determining whether a prior North Carolina conviction is a felony under federal law. Petitioner was charged while <u>Jones</u> was the controlling authority, but based on the holding in <u>Simmons</u> he is actually innocent because his prior state convictions did not subject him to in excess of one year in prison.

### III. CONCLUSION

For the reasons discussed herein, the Court finds that the petition for a writ of *coram nobis* should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for a writ of *coram nobis* is **GRANTED**, and his 2000 conviction in Case No. 3:99-CR-00127 is hereby **VACATED**. (Doc. No. 19: Judgment).

**IT IS FURTHER ORDERED** that Petitioner's remaining claims for relief are **DISMISSED as moot.**

**IT IS SO ORDERED.**

The Clerk is respectfully directed to close this civil case.

Signed: May 27, 2015

Richard L. Voorhees
United States District Judge